IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DIANNA D. MILLER, )
)
        Plaintiff, )
)
v. )
)
        ) Civil Action No. 05-390J
MICHAEL J. ASTRUE, )
COMMISSIONER OF )
SOCIAL SECURITY,[1] )
)
        Defendant. )

### MEMORANDUM JUDGMENT ORDER

AND NOW, this 8th day of March, 2007, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 17) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 14) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d

---

[1] Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007, succeeding JoAnne B. Barnhart.

Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. <u>Jones v. Sullivan</u>, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her applications for DIB and SSI on July 17, 2003, alleging disability beginning June 9, 2003, due to injuries sustained in a car accident, lower extremity problems and depression. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on October 20, 2004, at which plaintiff appeared represented by counsel. On December 8, 2004, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on August 9, 2005, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 42 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has a high school education. Plaintiff has past relevant work experience as a

nickel plater, hide marker, bolt sorter, packer and sewing machine operator, but she has not engaged in substantial gainful activity at any time since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of the residuals of a left foot fracture with corrective surgeries, osteoarthritis, synovitis, tendonitis, peripheral neuropathy, edema and a left heel ulcer, chronic pain syndrome, obesity, depressive disorder and a history of alcohol dependence, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a wide range of sedentary work with a number of other limitations. Plaintiff is limited to occasional climbing of ramps and stairs, but she must avoid balancing, kneeling, crouching, crawling and climbing ladders, ropes and scaffolds. Plaintiff must avoid pushing and pulling with her left lower extremity, including operating pedals. She is limited to simple, routine, repetitive tasks that are not performed in a production or quota-based environment. Finally, she requires work that involves only simple work-related decisions and relatively few

work-place changes (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that plaintiff could not perform her past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable her to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as an inspector/tester, final assembler, small parts assembler and hand packer. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598, 416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in

substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(g)(1), 416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on the basis that he did not properly evaluate her subjective complaints regarding her limitations. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §§404.1529(c), 416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). In this case, the ALJ properly determined that plaintiff's subjective complaints were not fully credible, and he adequately explained why he reached that conclusion.

According to plaintiff, the ALJ relied heavily on her performance of certain activities of daily living when he evaluated her subjective complaints. Plaintiff believes the ALJ found her complaints to be less than fully credible because she was able to drive, go to restaurants, grocery shop, pay bills, watch television, read news articles, care for her personal needs and the like. Plaintiff makes the point that she need not be excluded from all forms of activity in order to be found disabled. She asserts that her activities are "minuscule" when compared to other cases in which the claimant was found to be disabled despite being more active than her, although she did not cite any such cases.

Contrary to plaintiff's assertion, the ALJ considered her activities of daily living as one factor in assessing her

credibility. His decision did not hinge only on plaintiff's performance of those activities. Plaintiff even acknowledged that the ALJ considered other factors, such as a medical opinion that she only was precluded from work that required significant weight bearing, as well as the fact that her pain improved when she wore a special boot on her foot.

In evaluating plaintiff's subjective complaints, the ALJ complied with the appropriate regulations and rulings. See 20 C.F.R. §§404.1529(c)(1), 416.929(c)(1); Social Security Ruling 96-7p. In addition to considering plaintiff's activities of daily living, the ALJ took into account the objective medical evidence, plaintiff's medications and her treatment history, plaintiff's own statements about her symptoms, and her physicians' opinions about her symptoms and how they affect her. (R. 15-17). The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect her ability to work. 20 C.F.R. §§404.1529(c)(4), 416.929(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disability. Accordingly, the ALJ determined that plaintiff's testimony regarding her limitations was not entirely credible. (R. 19). This court finds that the ALJ adequately explained the basis for his credibility determination in his decision (R. 17), and is satisfied that such determination is supported by substantial evidence.

After carefully and methodically considering all of the

medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

                                                */s/ Gustave Diamond*
                                                Gustave Diamond
                                                United States District Judge

cc: Arthur S. Cohen, Esq.
    Cohen, Axinn & Cohen
    PO Box 597
    Hollidaysburg, PA 16648

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901